38201 - 63577-RER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY SNEAD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:08-cv-1064 |
| NATIONWIDE PROPERTY AND CASUALTY ) | JURY DEMANDED |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S FIRST MOTION FOR CONTINUANCE OF TRIAL SETTING**

Comes now Defendant, Nationwide Property and Casualty Insurance Company (hereinafter "**Defendant**"), by and through counsel, and without any opposition from Plaintiff's counsel, and respectfully requests that this Court continue the trial setting for this matter, which is currently scheduled for July 27, 2009. In support of this request, the Defendant would state and show unto this Court as follows:

The Plaintiff Kimberly Snead (hereinafter "**Plaintiff**") initiated this action in the Chancery Court for Henry County, Tennessee, on March 3, 2008. On March 25, 2008, the Defendant properly removed this matter to this Court. (Document No. 1). Defendant filed its Answer to Plaintiff's Complaint on March 28, 2008. (Document No. 4). On October 27, 2008, the Defendant filed its Motion for Summary Judgment in this matter. (Document No. 13). The Plaintiff filed her response to Defendant's Motion for Summary Judgment on February 23, 2009. (Document No. 26). On March 19, pursuant to this Court's Order granting Defendant leave to file a Reply Brief to Plaintiff's response to Defendant's Motion for Summary Judgment, the Defendant filed its Reply

Brief. (Document No. 29). At present, this Court has not issued its ruling on Defendant's Motion for Summary Judgment.

As the Court has not yet issued a ruling on Defendant's Motion for Summary Judgment, when Defendant began preparing for trial, it learned that Bob Miller, the agent involved in the application for insurance in question, is unavailable for the currently scheduled trial date of July 27, 2009. (See Affidavit of Robert J. Miller). Mr. Miller is expected to be a necessary witness at any trial on this matter. However, as Mr. Miller's Affidavit demonstrates, he has a pre-existing conflict with the trial date of July 27, 2009, which has been scheduled for more than a year. (See Affidavit of Robert J. Miller attached).

Defendant would also point out for consideration that its defense counsel, Russell E. Reviere, has two cases scheduled for trial in the previous week, one to begin on Monday in Memphis in the court of the Honorable Bernice Donald, United States District Judge (Waddell v. Nationwide) and the second to begin on Wednesday in the court of the Honorable Roy Morgan, Jr., Madison County Circuit Court Judge (Coughlin v. Farouk, et al – a significant products liability case which has been unsuccessfully mediated and now appears very like to proceed to trial). (See Affidavit of Russell E. Reviere). Both of these cases are anticipated to be multiple day jury trials with the state court trial possibly lasting into the next week, conflicting with the present trial setting and certainly placing a substantial burden on defense counsel to be prepared to handle three significant jury trials in less than a two-week period of time. (See Affidavit of Russell E. Reviere).

38201 - 63577-RER

In addition, and while it would not in and of itself provide a basis for Defendant to ask for a continuance of this case, counsel for Defendant, Russell E. Reviere, has been invited to participate in an insurance conference dealing with bad faith, etc which is scheduled to take place out of state during the time of this trial. Since Defendant has learned that agent Bob Miller is not available and is a necessary witness for this trial, Defendant merely points the fact that its counsel has this invitation as merely another consideration for this Honorable Court.

Thus, based on the above, and for other good cause, the Defendant respectfully requests that this Court continue the current trial setting to a date that will allow the parties time to receive this Court's ruling on Defendant's Motion for Summary Judgment, and to alleviate the conflict with Mr. Miller's pre-existing commitment. The Defendant would point out granting the Defendant's request for a continuance will make it possible for the parties to avoid the need to expend significant time and resources preparing for a trial of this matter that would be rendered unnecessary if the Court grants Defendant's Motion for Summary Judgment. In other words, granting Defendant's request for a continuance will only serve to further the judicial economies in this matter, and to allow the parties to avoid potentially unnecessary costs. What's more, should a trial be necessary following this Court's ruling on Defendant's Motion for Summary Judgment, the conflict with Mr. Miller's pre-existing obligation will be alleviated, allowing Mr. Miller, an expected necessary witness in this matter, to testify at any trial of this matter. If a trial of this matter is necessary, and the trial date is not continued, the Defendant would be without an expected necessary witness, Mr. Miller.

Finally, it should be noted that granting Defendant's request for a continuance will not prejudice the Plaintiff.  In fact, Plaintiff's counsel has stated that Plaintiff has no opposition to this request.  Therefore, in addition to the good cause shown above, this request is unopposed.

WHEREFORE, based on the above, the Defendant respectfully requests that this Court continue the current trial setting for this matter, with is currently scheduled for July 27, 2009.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

s/ Russell E. Reivere_____
Russell E. Reviere (07166)
W. Paul Whitt (24793)
Attorney for Defendant
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
(731) 423-2414
pwhitt@raineykizer.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon Michael U. King, Attorney at Law, P.O. Box 667, Huntingdon, Tennessee 38344, by electronic means via the Court's electronic filing system.

This the 22nd day of March, 2009.

s/ Russell E. Reivere_____